## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

1-A Interiors, Inc.

v.

Meer Street Investment Assoc. et al.

March 16, 1987

Case No. (Chancery) CH-8740

By JUDGE AUSTIN E. OWEN

This matter was before the Court on Friday, March 13, 1987, pursuant to notice that 1-A Interiors, Inc., would move the Court for entry of an Order of Reference.

The defendant, Meer Street Investment Associates, by counsel, objects to the entry of the proposed order on the basis that the draft was not prepared by an attorney licensed to practice in this state. Counsel refers to *Unauthorized Practice of Law, Advisory Opinion, Practice before Tribunals* adopted by the Supreme Court of Virginia, and reported in 221 Va. 381.

That advisory opinion while permitting a non-lawyer regularly employed on a salary basis to present facts, figures or factual conclusions, as distinguished from legal conclusions, prohibits such non-lawyer from examining witnesses or preparing briefs or pleadings.

Plaintiff apparently concedes that the draft decree of reference was not prepared by a licensed attorney; and defendant apparently concedes that S. A. Slate who endorsed (and presumably drafted) the proposed decree of reference is regularly employed as the president of 1-A Interiors, Inc., on a salary basis.

The first issue then is whether the undertaking of a non-lawyer to draft a proposed decree on behalf of another constitutes the unauthorized practice of law. The clear answer is that it does, because it necessarily involves the exercise of professional legal judgment. For that reason the court will not consider nor enter the tendered decree of reference.

The Court has not been made aware of any statute, rule or governing case law that mandates that a party, appearing *pro se*, and seeking the entry of an order, is required to submit a draft of such an order.

Because the attorneys are generally more familiar with the proceeding in which they serve as counsel, it is common practice in the courts of this state for attorneys to submit a draft or sketch order, with endorsements affixed, or after notice of the date and time of presentation for entry. There is no requirement that the court permit a party, or counsel, to prepare a draft or sketch. The court may certainly draft its own order, or direct any of counsel to prepare a sketch.

This cause appears to be one seeking the enforcement of a mechanics lien, and it appears that the parties are at issue. Reference of this cause to a Commissioner in Chancery for inquiry and report appears to be entirely appropriate at this time as the last pleading, the Answer and Affirmative Defenses of the Defendant, Meer Street Investment Associates, was filed on May 2, 1985.

The court, therefore, requests that counsel for said defendant, being fully familiar with the cause, draft and submit to the court a sketch decree of reference as promptly as is feasible. Counsel may, if desired, note the objection of the defendant to the entry of such order, setting forth the reason(s) for such objection.

Counsel is requested to forward the sketch to the attention of the writer.

(Ms. Slate should understand that any hearing held before the Commissioner in Chancery of this court is a hearing before an arm of this court. If a non-lawyer appears on behalf of the plaintiff corporation, that non-lawyer will not be permitted to examine (question) or cross-examine witnesses, prepare briefs or pleadings, or present any arguments or offer any conclusions as to matters of law.)